LOHIER, *Circuit Judge*, concurring in part and dissenting in part:

I.

I concur in Part I of the majority opinion insofar as it concludes that Plaintiffs have standing to sue for injunctive relief to alter their own public athletic track records "related to the particularized injury they allege." Majority Op. 36. As I understand it, the particularized alleged injury in this case arises only from the public records reflecting Plaintiffs' final placements in specific races at specific track meets at which they competed against and finished behind Intervenors.

The majority opinion acknowledges two further limitations that bear repeating. First, Plaintiffs "do not have standing to seek remedies for generalized grievances about the CIAC Policy." Majority Op. 31. Second, "the fact that a plaintiff has *standing* to pursue her claim *does not mean* that she is entitled to" *any* relief.[1] Majority Op. 35 (emphasis added and cleaned up)

---

[1] As some of my dissenting colleagues point out, "the preferable remedy in a case such as this is the more traditional one of monetary relief." Dissenting Op. 25. I completely agree. But the fact that money damages are the *preferable* remedy in this case has nothing to do with Plaintiffs' standing to pursue the more difficult course of injunctive relief.

(quoting *E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 461 (2d Cir. 2014)).  Standing opens the courthouse door but offers nothing more.

A final point of agreement about standing in this case is simple but important: the broader approach to redressability that our Court announces today is not limited to Title IX cases.  It extends just as forcefully to cases arising under Title VII and other federal civil rights statutes.  It is precisely because we are not free to apply different standing doctrines to different plaintiffs that none of my colleagues disagree with me on this point.

II.

For the reasons stated by Judge Chin, I would affirm the District Court's dismissal of Plaintiffs' claims for nominal money damages under *Pennhurst State School & Hospital v. Halderman*, 451 U.S. 1 (1981).  As Part III of Judge Chin's dissenting opinion explains, the majority opinion's take on both *Pennhurst* and the District Court's opinion is simply wrong.

In particular, the majority opinion's central criticism that the District Court misapprehended its discretion to address the merits of Plaintiffs' Title IX claims before dismissing their claims for monetary relief based on the *Pennhurst* bar does not reflect a fair reading of the District Court's decision.  I therefore agree

2

with the dissent that the very able and experienced District Judge fully understood his discretion to consider the merits of the Title IX claims, but elected instead to determine that *Pennhurst* barred those claims – a far easier and more straightforward issue in this case. Dissenting Op. 27–37. As to that determination, the District Court and the dissent are right that Defendants could not possibly have been on notice of any Title IX violation. To the contrary, every indication was that Defendants risked a lawsuit had they *not* adopted the CIAC policy. *See* Dissenting Op. 38–48.

In addition, much (perhaps all) of the majority's discussion of the *Pennhurst* sequencing issue is unnecessary to resolve this appeal. Let me briefly explain why. The majority opinion concludes that the District Court misapprehended its authority to sequence *Pennhurst* and the merits. Because the majority opinion also (again rightly, in my view) vacates the District Court's judgment that Plaintiffs lacked standing to seek injunctive relief, it compels the District Court to consider the merits of Plaintiffs' claims for injunctive relief under Title IX. The majority's remand on the *Pennhurst* issue is thus supported entirely by its conclusion that the District Court should revisit the sequencing now that it must consider the merits. Any discussion of the factors that might

3

limit the District Court's discretion as to which issue to take up first – the merits or the lack of notice – is therefore non-precedential dicta.

Finally, because standing is "a sufficient ground for deciding this case, . . . the cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more — counsels us to go no further" and to avoid prematurely deciding the *Pennhurst* issue. *PDK Labs. Inc. v. U.S. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment). The District Court will now address the merits of Plaintiffs' claims for damages whether or not we instruct it to do so "before or in tandem with" its analysis of notice under *Pennhurst*. Majority Op. 41. We know this because the merits analysis applicable to the claim for injunctive relief applies equally to Plaintiffs' damages claims. Accordingly, the majority's discussion of *Pennhurst* contributes nothing of practical value to the resolution of this case. If the District Court determines that the claims are meritless, there will be no need to address the *Pennhurst* sequencing issue. If, on the other hand, the District Court determines that the claims have some merit, nothing in the majority opinion forecloses the conclusion that the damages claims are nevertheless barred under *Pennhurst*. Nor, as I read it, does the majority opinion prohibit the District Court

4

from even more clearly acknowledging its discretion with respect to the

*Pennhurst* sequencing issue and then simply reaffirming its prior decision as to

the lack of the notice to Defendants in this case.

\* \* \*

For these reasons I concur in Part I of the majority opinion and in Part III of Judge Chin's dissenting opinion.

5